```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
  OVSEY TARNARIDER,                                         :
                                                            :
                              Plaintiff,                    :
                                                            :  **MEMORANDUM DECISION AND**
                 - against -                                :  **ORDER**
                                                            :
  21ST CENTURY INSURANCE AND                                :  18-cv-1882 (BMC)
  FINANCIAL SERVICES, INC. and                              :
  FARMERS GROUP, INC.,                                      :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff has sued for a declaratory judgment that defendants 21st Century Insurance and Financial Services, Inc. and Farmers Group, Inc. have an obligation to indemnify him for his liability in a state court car accident action. Defendants refused to indemnify plaintiff because they cancelled his policy before the accident. The crux of plaintiff's complaint is that defendants mailed the notice of cancellation to the wrong address, making it technically deficient. Defendants' motion for summary judgment is granted for the reasons set forth below.

## BACKGROUND

Plaintiff was involved in a car accident in May 2017 and was sued in New York state court. Plaintiff filed a claim for indemnification by defendants, asserting that he had a liability insurance policy covering the claim. Defendants disclaimed coverage, telling plaintiff that they had terminated his policy in April 2017 after he defaulted on payment. Defendants allege that they had sent plaintiff a notice of cancellation in March 2017.

Plaintiff does not deny that he failed to pay his premiums, but denies that he received the required notice of cancellation from defendants. After defendants refused to indemnify plaintiff,

plaintiff's attorney requested a copy of the notice of cancellation that defendants allegedly sent to plaintiff. Defendants sent two faxes to plaintiff's attorney, each containing copies of the notice of cancellation and the certificate of mailing for the notice. Both copies of the notice set forth plaintiff's correct address, but the first faxed copy of the certificate of mailing appeared to contain the wrong address: Plaintiff's address was 445 Neptune Ave, Apt. 19C, but the certificate appeared to read 446 Neptune Ave., Apt. 19O – the 5 and the C were replaced with a 6 and an O, respectively. The second fax was sent approximately nine minutes after the first fax, and the address on the second certificate of mailing appeared to be correct.

Plaintiff contends that the alleged error on the first fax shows that defendants mailed the notice of cancellation to the wrong address, and that defendants noticed the incriminating mistake on the fax and attempted to cover it up by doctoring the certificate of mailing and faxing a second copy. To support this theory, plaintiff submitted his own affidavit denying receipt of the notice.

Defendants contend that the apparent error on the first fax was due to a distortion of the characters by the fax machine. Defendants note that the name "21st Century" appears on both faxes and that – just as the "C" in plaintiff's address looks like an "O" in the first fax – the "C" in "21st Century" appears as an "O" in both.

Defendants have produced the original un-faxed copy of the certificate of mailing with the correct address clearly visible, along with affidavits from two employees – James Bryant and Brandon Debyle – outlining defendants' system for mailing notices. Defendants also provided the notice of cancellation that was allegedly sent and which states the correct address. Additionally, the affidavits state that plaintiff's notice was properly mailed to the correct address.

2

Defendants have moved for summary judgment, arguing that neither plaintiff's denial of receipt nor the apparent discrepancy between the two faxes raises a genuine issue of material fact.

## DISCUSSION

A district court may grant summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and resolve all factual ambiguities in that party's favor. Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ., 444 F.3d 158, 162 (2d Cir. 2006). In deciding the motion, the district court "may rely on any material that would be admissible at a trial." Lyons v. Lancer Ins. Co., 681 F.3d 50, 57 (2d Cir. 2012) (internal quotation marks and citation omitted).

When the nonmoving party would have the burden of proof at trial, the moving party may show that it is entitled to summary judgment by pointing to a lack of evidence on an essential element of the nonmoving party's claim. Simsbury-Avon Pres. Club, Inc. v. Metacon Gun Club, Inc., 575 F.3d 199, 204 (2d Cir. 2009). Once the moving party has shown this lack of evidence, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." Id.

An issue is not "genuine" if no reasonable factfinder "could return a verdict for the nonmoving party." Nabisco, Inc. v. Warner-Lambert Co., 220 F.3d 43, 45 (2d Cir. 2000) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). This means that the nonmoving party must present more than a "scintilla of evidence," Liberty Lobby, 477 U.S. at 252, and more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus.

Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  A plaintiff therefore cannot survive summary judgment through "conclusory statements" or "mere assertions that affidavits supporting the motion are not credible."  Gottlieb v. Cty. of Orange, 84 F.3d 511, 518 (2d Cir. 1996).

Defendants argue that they are entitled to summary judgment based on the "mailbox rule" and that neither plaintiff's denial that he received the notice nor the apparent discrepancy on the first fax sent to plaintiff creates a genuine issue of fact to overcome the mailbox rule's presumption of receipt.

Under the mailbox rule, proof of an office procedure followed in the regular course of business which establishes that a notice was properly addressed and mailed gives rise to a rebuttable presumption that the notice was actually received by the person to whom it was addressed.  Leon v. Murphy, 988 F.2d 303, 309 (2d Cir. 1993); accord Ma v. Merrill Lynch, Pierce, Fenner & Smith, 597 F.3d 84, 92 (2d Cir. 2010); Akey v. Clinton Cty., 375 F.3d 231, 235 (2d Cir. 2004).  Under New York law, only personal knowledge of mailing procedures is required to establish the regular office procedure, not personal knowledge of the particular mailing.  Leon, 988 F.2d at 309.

Once the mailbox rule presumption arises, a party's mere allegation that it did not receive the letter or notice does not rebut the presumption. "There must be – in addition to denial of receipt – some proof that the regular office practice was not followed or was carelessly executed so the presumption that notice was mailed becomes unreasonable."  Id.

The Bryant and Debyle affidavits submitted by defendants are sufficient to invoke the mailbox rule presumption that plaintiff received the notice of cancellation.  These affidavits establish that the notice was created and mailed in the usual course of defendants' business,

4

according to established procedure, and addressed to plaintiff's correct address. Plaintiff's denial of receipt does not rebut the presumption, nor create any factual dispute.

Plaintiff has not provided any other meaningful evidence to rebut the presumption. In his opposition to defendants' motion, plaintiff argues that the conflicting affidavits (his and Bryant's and Debyle's) in this case create a genuine issue of fact. However, the affidavits do not conflict. The Bryant and Debyle affidavits simply outline defendants' notice-mailing procedures and explain that the notice was sent to plaintiff's correct address, and plaintiff's affidavit merely denies receipt of the notice. The affidavits do not contradict each other.[1] Put another way, once defendants demonstrate that they properly mailed the notice, plaintiff's denial of receipt is immaterial.

The only issue is why the first fax appears to list the wrong address, and the pertinent question is whether a reasonable jury could return a verdict for plaintiff based on its conclusion that defendants deliberately altered the second fax. A reasonable jury could not reach that conclusion.

To return a verdict for plaintiff, the jury would have to find that defendants' employee faxed plaintiff's attorney a copy of the cancellation notice with the correct address along with a certificate of mailing with the incorrect address; that the employee immediately noticed the discrepancy; that the employee determined the best course of action was to doctor the certificate of mailing and fax another copy to the attorney; that the employee *was able* to doctor the

---

[1] In his opposition to the motion for summary judgment, plaintiff suggests that the "lack of expert testimony regarding whether the differences in the Certificates of Mailing were created by the mode of transmittal" also creates an issue of fact. Defendants did not have to retain such an expert. Once they established the presumption of mailing, it was up to plaintiff to refute it. Plaintiff could have introduced expert testimony in opposition to defendants' motion (if there is such an expert), but chose to rest solely on his affidavit denying receipt. As shown above, that is inadequate to refute the presumption.

document and fax it to the attorney; and the employee managed to do all of this in nine minutes or less.

The jury would have to find that these events occurred despite the evidence defendants have produced that the seemingly altered numbers were the result of distortion by the fax machine. The faxes are low-quality and show other letters that are warped: the "C" in "21st Century" appears as an "O" in both faxes. The jury would therefore have to additionally find that defendants' employee went to the trouble of altering the "C" in 21st Century to conceal the fraudulent alteration he had made in plaintiff's address. The jury would also have to find that the address on the envelope addressed to plaintiff was incorrect even though every other document produced by defendants has the correct address on it.

If a jury reached these conclusions on this record, I would have to set aside its verdict as speculative. It would be patently unreasonable for the jury to rule in plaintiff's favor based solely on the blurry characters in the first fax. Plaintiff has produced nothing else to rebut the presumption of receipt created by the mailbox rule, so defendants are entitled to summary judgment.

## CONCLUSION

Defendants' motion for summary judgment [14] is therefore GRANTED. The Clerk is directed to enter judgment, dismissing the complaint.

**SO ORDERED.**

                                                                                                    _____
                                                                                                    U.S.D.J.

Dated: Brooklyn, New York
           July 6, 2018

6